UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-cr-0190 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Devon Delorenta Warren, | |
| Defendant. | |

---

This matter is before the Court on Defendant Devon Delorenta Warren's *pro se* emergency motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 106.)  Warren seeks compassionate release and requests that the Court reduce his prison sentence to home confinement because of the dangers posed by COVID-19. Plaintiff United States of America opposes Warren's motion.  For the reasons addressed below, the Court denies Warren's motion.

## BACKGROUND

Warren has an extensive criminal history including convictions of distributing and delivering cocaine, providing false information to the police, domestic assault, second-degree assault, theft of a motor vehicle, unlawful possession of a firearm, fourth-degree possession with the intent to sell cocaine, driving while intoxicated, fifth-degree assault, driving after cancellation, and fifth-degree attempted drug possession.

On May 1, 2016, Warren was parked in a vehicle in the middle of a residential street in Minneapolis.  He was slumped over in the driver's seat and the vehicle's airbags

were deployed. Warren was unresponsive to law enforcement officers' instructions. When the officers began to break the rear window of the vehicle to check Warren's condition, Warren became alert and unlocked the vehicle. As an officer attempted to open the passenger door, Warren placed the vehicle in drive and accelerated. Warren drove through two stop signs as officers pursued him, and Warren stopped when he collided with a parked car. Warren was arrested at the scene of the accident, and law enforcement officers determined that he had a blood alcohol concentration of 0.11. During a search of the vehicle, law enforcement officers recovered a stolen Colt, Model 1903, .32 caliber pistol, serial number 168069, from the passenger seat.

In July 2016, Warren was charged by Indictment with unlawful possession of a firearm by a felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Warren subsequently was charged by Felony Information with possession of a stolen firearm, a violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On February 21, 2017, Warren pleaded guilty to the charged offense. Following his conviction, this Court sentenced Warren to 110 months' imprisonment on September 11, 2017. To date, Warren has served approximately 48 months of his sentence.

Warren submitted a request for compassionate release to the Federal Bureau of Prisons (BOP) on April 11, 2020. On June 11, 2020, Warren moved this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the COVID-19 pandemic as the basis for his request. Warren currently is incarcerated at the United States Penitentiary in Terre Haute, Indiana, (Terre Haute Facility), and he is scheduled to be released on May 3, 2024.

## ANALYSIS

A "court may not modify a term of imprisonment once it has been imposed" except pursuant to specific statutory exceptions. 18 U.S.C. § 3582(c). The compassionate-release provision of the First Step Act is one such statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows a defendant to petition a district court directly for compassionate release. First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018).

Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission enumerates several "extraordinary and compelling reasons" that may justify a reduction of sentence, including the medical condition of the defendant, the defendant's age, and the defendant's family circumstances. *U.S. Sentencing Guidelines Manual* (U.S.S.G.) § 1B1.13 cmt. 1(A)–(C) (U.S. Sentencing Comm'n 2018).

A reduction is warranted if the defendant is suffering from either (1) a terminal illness or (2) a serious physical or mental condition "that substantially diminishes the ability of the defendant to provide self-care" and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A). District courts may also consider "other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories." *United States v. Walker*, No. 16-cr-33(1)

3

(DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

It is the defendant's burden to show that he or she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). District courts consider three factors when evaluating a compassionate-release motion: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a sentence reduction is consistent with the Sentencing Commission's policy statement, including whether the prisoner is a danger to the safety of any other person or to the community; and (3) whether any sentencing factors articulated in 18 U.S.C § 3553(a), to the extent they are applicable, weigh in favor of a sentence reduction. *United States v. Bellamy*, No. 15-165(8) (JRT/LIB), 2019 WL 3340699, at *2, *5 (D. Minn. July 25, 2019); U.S.S.G. § 1B1.13. The Court considers each factor in turn.

### I. Exhaustion of Administrative Remedies

The Court first considers whether Warren's motion is properly before the Court. A district court may reduce a defendant's sentence only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Bergren*, No. 00-cr-375 (DWF/RLE), 2020 WL 1910585, at *1–2 (D. Minn. Apr. 20, 2020) (denying motion for compassionate release due to COVID-19 for failure to exhaust administrative remedies and on the merits); *United States v. Annis*, 16-195(1) (JRT/KMM), 2020 WL 1812421, at *2 (D.

Minn. Apr. 9, 2020) (concluding that the court lacked authority to grant compassionate release due to COVID-19 pursuant to 18 U.S.C. § 3582(c)(1)(A) because the defendant had not exhausted administrative remedies).

Warren submitted a request for compassionate release to the Warden of the Terre Haute Facility on or about April 11, 2020. Warren filed his motion more than 30 days after the Warden's receipt of Warren's request. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Gardner*, No. 13-CR-0035(1) (PJS/SER), 2020 WL 1673315, at *1 (D. Minn. Apr. 6, 2020) (concluding that an inmate's compassionate-release motion becomes ripe when "it has been more than 30 days since the BOP's receipt of [the inmate's] request," even if administrative appeals remain available). Accordingly, Warren's motion is properly before the Court.

## II. Extraordinary and Compelling Reasons

An inmate's medical conditions can, without more, be sufficiently extraordinary and compelling to justify a sentence modification. *See* U.S.S.G. § 1B1.13 cmt. 1(A) (providing that extraordinary and compelling reasons may exist if the defendant's medical condition is "serious and advanced . . . with an end of life trajectory" or serious enough that the medical condition "substantially diminishes the ability of the inmate to provide self-care" within the facility and "from which [the inmate] is not expected to recover"). An inmate's serious medical condition "in combination with" additional reasons also may justify a sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. 1(D). For example, courts that have considered compassionate-release motions in the context of the COVID-19 pandemic have required an inmate to demonstrate both a "particularized

susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases); *accord United States v. Ramirez*, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); *United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Warren offers no argument or evidence of a chronic or debilitating medical condition that "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 cmt. 1(A). Nor does Warren assert that he currently receives medically necessary treatment. Instead, Warren makes a passing reference to COVID-19 as the basis for his sentence reduction request. Without evidence of Warren's inability to provide self-care and receive the treatment, if any, that he needs in confinement, Warren's request merely speculates that he might contract COVID-19. The seriousness of COVID-19 is unquestionable. But an inmate's "mere speculation of the possibility of contracting the virus" does not justify release under Section 3582(c)(1)(A). *United States v. Fry*, No. 11-cr-141(4) (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing *United States v. Hamilton*, No. 19cr54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). A reduction of sentence solely because of "concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)." *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *accord United States v. Korn*, Nos. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr.

9, 2020) (concluding that "the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme").

Warren has not demonstrated that he is particularly susceptible to COVID-19 or that he has a particularized risk of contracting COVID-19 at his prison facility. Nor does Warren offer any documentation or medical records regarding his health. *See, e.g.*, *Shamilov*, 2020 WL 2029600, at *2–3 (denying motion for compassionate release in which inmate provided no documentation of ongoing health conditions); *United States v. Black*, No. 5:18-cr-646-1, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (denying motion for compassionate release, in part, because inmate offered no medical records substantiating his claim of treatment for high blood pressure and diabetes); *United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (holding that an inmate failed to establish he is at a higher risk of contracting COVID-19 because he offered no medical records substantiating his asthma and respiratory issues). Accordingly, the record does not support a finding that Warren is particularly susceptible to COVID-19.

Even if Warren has a chronic health condition, Warren fails to show that he has a particularized risk of contracting COVID-19 at the Terre Haute Facility. To date, no staff member has tested positive, one inmate died as a result of the virus, and eight inmates have recovered from the virus. *See* BOP COVID-19 Coronavirus Resource Page, https://www.bop.gov/coronavirus (last accessed July 30, 2020). Yet Warren offers

7

neither an argument nor any evidence that the Terre Haute Facility has not taken the necessary measures to prevent, reduce, and contain outbreaks within the facility.

In summary, the Court concludes that there is no extraordinary and compelling reason for Warren's release, and no other circumstances support Warren's motion. Without an extraordinary and compelling reason for Warren's release, the Court need not address the Section 3553(a) factors or whether Warren is a danger to the safety of any other person or to the community. Accordingly, the Court denies Warren's motion.

## ORDER

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Devon Delorenta Warren's motion for a sentence reduction, (Dkt. 106), is **DENIED**.

Dated:  July 31, 2020                                    s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge